**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ELAINE SCHLEGEL,**

                  **Plaintiff,**

               **v.**                                       **1:17-CV-1068
                                                              (FJS/TWD)**

**UNITED STATES OF AMERICA,**

                  **Defendant.**
_____

**APPEARANCES**                                                   **OF COUNSEL**

**ABDELLA LAW OFFICES**                  **ROBERT ABDELLA, ESQ.**
8 West Fulton Street
P.O. Box 673
Gloversville, New York 12078-0006
Attorneys for Plaintiff

**OFFICE OF THE UNITED**               **MARY E. LANGAN, AUSA**
**STATES ATTORNEY**
James Hanley U.S. Courthouse
& Federal Building
100 South Clinton Street
Syracuse, New York 13261
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Pending before the Court is Defendant's motion for summary judgment. *See* Dkt. No. 38.

### II. BACKGROUND

Plaintiff brought this suit against Defendant United States pursuant to the Federal Tort

Claims Act, 28 U.S.C. § 2671, alleging that Defendant's negligence caused her to trip and fall.

Specifically, Plaintiff alleges that, on September 29, 2016, at approximately 2:15 p.m., she exited the Gloversville Post Office (the "Post Office") through the north entrance of the building and walked toward the staircase. Just before she began stepping down the stairs, her toe struck a raised ledge, approximately 3/4" in height, located on the landing near the center of the staircase, which caused her to fall from the top of the staircase to the sidewalk approximately three step lengths below where she tripped. When Plaintiff fell, she landed on her face on the concrete sidewalk. Post Office employees, Toby Wheet and Dave Surnear, were notified that Plaintiff had fallen; and they immediately went to check the area where the accident occurred. When Mr. Wheet and Mr. Surnear arrived, they saw Plaintiff sitting on the concrete below the stairs.

Lori Driscoll was Postmaster of the Post Office at the time of the incident. Ms. Driscoll inspected the north entrance of the Post Office at least twice a week for any dangerous conditions at that entrance and never noticed anything out of the ordinary. Ms. Driscoll observed the north entrance at the Post Office to be in the same condition on September 29, 2016, as it was when she first started working there in December 2015.

Toby Wheet, the Supervisor of Customer Service at the Post Office at the time of the incident, never noticed a defect or dangerous condition on the north side steps and was not aware of any complaints concerning the north side steps before Plaintiff fell.

On December 21, 2016, Plaintiff filed a claim for personal injuries alleging damages of $750,000 via a Standard Form 95. On August 28, 2017, Plaintiff's claim was denied with the notation that an investigation had not found any negligence on the part of the Postal Service. On September 25, 2017, Plaintiff filed her complaint in this action, alleging personal injuries caused by negligent maintenance of and repairs to the Post Office stairs. In response, Defendant filed its

answer denying any negligence on the part of the Post Office and asserting that the Post Office did not have actual or constructive notice of a defect on the stairs.

## III. DISCUSSION

### A.  Summary judgment standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The movant may satisfy this burden "by pointing out the absence of evidence to support the non-movant's claims." *Citizens Bank of Clearwater v. Hunt*, 927 F.2d 707, 710 (2d Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986)).

Once the movant meets this initial burden, the non-moving party "must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008) (citing *Celotex*, 477 U.S. at 322-23, 106 S. Ct. 2548; *Raskin v. Wyatt Co.*, 125 F.3d 55, 65-66 (2d Cir. 1997)). Specifically, the non-moving party must cite to "particular parts of materials in the record" or show "that the materials cited [by the movant] do not establish the absence . . . of a genuine dispute" as to any material fact. Fed. R. Civ. P. 56(c)(1). The party opposing a motion for summary judgment "may not rely on conclusory allegations or unsubstantiated speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (citing *D'Amico*, 132 F.3d at 149) (other citation omitted), as

"unsupported allegations do not create a material issue of fact," *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (citations omitted). "Rather, the nonmoving party must present 'significant probative evidence tending to support the complaint.'" *Smith v. Menifee*, No. 00 Civ. 2521 (DC), 2002 WL 461514, *3 (S.D.N.Y. Mar. 26, 2002) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)).

In reviewing the evidentiary record, the court "must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his [or her] favor." *L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 87 (2d Cir. 1998) (citing *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 189 L. Ed. 2d 538 (1986)) (other citation omitted); *see also Brown v. Henderson*, 257 F.3d 246, 251 (2d Cir. 2001) (quotation omitted). If, even when the record evidence is viewed in this light, the court finds that there is not "sufficient evidence favoring the nonmoving party for a [factfinder] to return a verdict for that party," or if the evidence "is not significantly probative," a court may grant summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

### B. Defendant's motion for summary judgment

"To make out a prima facie case of negligence in a slip and fall case under New York law, a plaintiff must demonstrate 'that defendant had knowledge of the alleged dangerous condition, either actual or constructive, or that it caused the condition to be created by its own affirmative act.'" *Feis v. United States*, 394 F. App'x 797, 798 (2d Cir. 2010) (summary order) (quoting *Mercer v. City of N.Y.*, 223 A.D.2d 688, 637 N.Y.S.2d 456, 458 (2d Dep't 1996) (internal quotation marks omitted)).

Plaintiff does not contend that Defendant created the condition that allegedly caused her injury. Therefore, the issue is whether Defendant had either actual or constructive notice of the alleged dangerous condition, *i.e.,* the 3/4" height differential at the top of the north stairs where Plaintiff alleges she tripped.

"Actual notice requires that a defendant receive complaints or similarly be alerted to the existence of the dangerous condition." *Nussbaum v. Metro-North Commuter R.R.*, 603 F. App'x 10, 12 (2d Cir. 2015) (summary order) (citation omitted); *Goodnough v. Clark*, No. 3:15-CV-0648 (GTS/DEP), 2017 WL 4326060, *8 (N.D.N.Y. Sept. 27, 2017) (same).

To support her claim that Defendant had actual notice of the alleged defect, Plaintiff relies on two accident reports that involved incidents in which pedestrians had tripped on the same set of stairs. However, a review of these accident reports demonstrates that they do not support Plaintiff's argument. One of the accident reports relates to an incident that occurred on August 3, 2013, in which a "customer tripped on front steps, injuring right side of body." *See* Dkt. No. 41-1 at 5. More specifically, the report describes how the accident occurred as follows: "customer . . . while carrying packages into lovvy [sic] and wearing flip flops, tripped on steps. This caused her to fall on her right side, striking her right wrist, shoulder, hip and elbow. Customer did not wish to seek medical attention." *See id.* at 7. The report also notes that "steps were dry with no debris or defects." *See id.*

The other accident report concerns an incident that occurred on May 15, 2015, in which a customer fell going up stairs. *See id.* at 13. More specifically, the report describes the incident as follows: "On 5/15/15 customer . . . tripped while placing foot on the top stair causing customer to fall to ground on right knee. No weather issues and stairs are in great condition." *See id.* at 16.

The report also notes that "[s]tairs were clean, dry, and undamaged." *See id.*

Neither of these accident reports indicates the exact location at which these incidents occurred; and, therefore, there is nothing in the record from which the Court can determine that these incidents occurred in the same location as Plaintiff's accident. Moreover, both incidents involved customers who fell while going up the stairs, unlike Plaintiff who fell going down the stairs. Finally, neither of the reports indicates the existence of any defect or dangerous condition on the stairway; and, in fact, they specifically indicate that the stairs had no defects and were undamaged.

Thus, there is no evidence in the record to support Plaintiff's argument that Defendant had ever received any complaints or was alerted to the existence of the alleged dangerous condition that, she asserts, caused her to trip.

With regard to the issue of whether Defendant had constructive notice of the alleged defect, the New York Court of Appeals has held that, "[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it[.]" *Gordon v. Am. Museum of Natural History*, 67 N.Y.2d 836, 837 (1986) (citations omitted); *see also Riley v. Battery Place Car Park*, 210 F. App'x 76, 77 (2d Cir. 2006) (summary order) (same).

To support its argument that it did not have constructive notice of the alleged dangerous condition, Defendant relies on Plaintiff's deposition testimony that, although she was a recurring customer of the Post Office, she had not noticed any discrepancy or bump on the stairs prior to the date of her accident. *See* Dkt. No. 38-13, Defendant's Statement of Material Facts ("DSMF"), at ¶ 5 (citing Schlegel Dep. at 42:16-20, 43:6-8 (Ex. A)); *id.* at ¶ 6 (citing Schlegel Dep. at 43:11-13,

78:18-19 (Ex. A)); Dkt. No. 41, Plaintiff's Responsive Statement of Material Facts ("PRSMF") at ¶¶ 5-6. Defendant also asserts that, although Lori Driscoll, who became Postmaster at the Post Office in December 2015, "frequently used the north stairway to gauge the safety of the stairs," *see* DSMF at ¶ 18 (citing Driscoll Dep. at 6:11-12, 11:22-24, 12:2-3, 19:12-19 (Ex. C)); PRSMF at ¶ 18 (denying the allegations contained in paragraph "18" to the extent that the defendant characterizes the [sic] Driscoll's inspection of the stairway as "frequent"), "she never noticed anything out of the ordinary about the steps [when she became postmaster in 2015]," *see* DSMF at ¶ 19 (citing Driscoll Dep. at 7:5-11 (Ex. C)); PRSMF at ¶ 19; and "never noticed a defect or dangerous condition on the steps," *see* DSMF at ¶ 20 (citing Driscoll Dep. at 9:11-20, 10:13-20, 11:22-24, 12:2-3 (Ex. C)); PRSMF at ¶ 20. Finally, Defendant relies on the testimony of Toby Wheet, the Supervisor of Customer Service at the Post Office during the relevant period, that he "never noticed a defect or dangerous condition on the north side steps." *See* DSMF at ¶ 22 (citing Wheet Dep. at 18:14-23, 19:1, 22:20-23, 23:1-2 (Ex. D) and Wheet Dep. Ex. a, attached as SJ Exhibit I); PRSMF at ¶ 22. Moreover, Mr. Wheet "was not aware of any complaints concerning the north side steps before Plaintiff fell." *See* DSMF at ¶ 23 (citing Wheet Dep. at 19:2-8 (Ex. D)); PRSMF at ¶ 23.

To rebut this evidence, Plaintiff relies on photographs of the area where she tripped and fell. *See* Dkt. Nos. 38-7, 38-8, 38-9. These photographs show a visible 3/4" height differential at the top of the staircase where Plaintiff's accident occurred. *See id.*; PRSMF at ¶¶ 14-15. Furthermore, Plaintiff notes that, in his affidavit, Mr. Wheet acknowledged that the allegedly dangerous condition was visible both on September 29, 2016, at the time of Plaintiff's accident and "when he measured the lip (ledge) at a later date." *See* DSMF at ¶ 24 (citing Affidavit of Toby C. Wheet ("Wheet Aff.") at ¶ 6, attached as Exhibit J); PRSMF at ¶ 24. Moreover, the photographs show some rusting and

degradation of the area where Plaintiff tripped and fell.  *See* Dkt. Nos. 38-7, 38-8, 38-9.  Finally, Plaintiff relies on Ms. Driscoll's deposition testimony that the stairs were in the same condition when she started as Postmaster in December 2015, as they were at the time of Plaintiff's accident, some nine months later.  *See* PRSMF at ¶ 29 (citing Driscoll Dep. at 7:12-25; 8:1-24, 9:1-5).

Viewing all the evidence in the record in the light most favorable to Plaintiff and drawing all reasonable inferences therefrom in her favor, the Court finds that Plaintiff has come forward with sufficient admissible evidence to raise a genuine issue of fact for trial as to whether Defendant had constructive notice of the allegedly dangerous condition from which a reasonable factfinder could return a verdict in Plaintiff's favor.

## IV. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions and oral arguments, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion for summary judgment is **DENIED**; and the Court further

**ORDERS** that counsel shall participate in a telephone conference with the Court on **September 19, 2019**, at **10:15 a.m.** to set a trial date for this matter.  The Court will provide counsel with the conference telephone call information prior to the date of the conference.

**IT IS SO ORDERED.**

Dated: September 5, 2019
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge

-8-